UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY EILENE FRANKLIN,

    Plaintiff,

v.

DAVID C. BONFIGLIO, *et al.*,

    Defendants.

                                   /

Case No. 1:25-cv-425

Hon. Paul L. Maloney

**ORDER TO TRANSFER VENUE**

**I.**     **Background**

*Pro se* plaintiff Ashley Eilene Franklin resides in Dowagiac, Michigan. She filed a verified complaint against defendants alleging 17 causes of action under federal and state law. *See* Order (ECF No. 11, PageID.176). Plaintiff named 16 defendants in Indiana, including a judge, a state court referee and a guardian ad litem ("GAL"). *See* Compl. (ECF No. 1). "Underlying all of the claims, Plaintiff contends a court in Indiana, acting without jurisdiction, without notice to her, and without an evidentiary hearing, terminated her parental rights." Order at PageID.176.

This federal lawsuit arose from a February 14, 2023 custody hearing in Elkhart County, Indiana, involving plaintiff's minor child.[1] *See* Compl. at PageID.9-10. Plaintiff alleged in pertinent part that:

> At the time of the February 14, 2023 hearing in Elkhart County, Plaintiff had sole physical custody of her son, who lived with mother and his 3 siblings. The father - Brent Fifer Jr. - filed a Verified Petition to Establish Paternity using Indiana Code § 16-37-2-2.1, a statute that applies only to children born in Indiana, based on an Indiana paternity affidavit. But Plaintiff's child was born in Michigan. The parties

---
[1] Plaintiff's child is not a party to this lawsuit.

1

signed a Michigan Acknowledgment of Parentage (AOP) at the hospital - legally establishing paternity and granting Plaintiff initial custody. Rather than filing a complaint for custody or parenting time, Mr. Fifer used the Indiana paternity statute to bypass due process entirely. Indiana never registered the Michigan AOP, never conducted a UCCJEA hearing, and never issued Findings of Fact and Conclusions of Law regarding jurisdiction. No emergency existed. No transfer was ordered by Michigan. Nevertheless, Indiana courts treated the Michigan AOP as if it were an Indiana one and issued paternity, custody, and child support orders without legal authority.

At no point in this entire case, was a proper custody complaint or parenting time petition filed. Prior to the February 14, 2023 hearing, Mother filed a Motion to Continue, which was denied. At the February 14, 2023 hearing, Mother was given primary physical custody and joint legal custody. Judge Bonfiglio ordered hair follicle drug tests for both parents and a Guardian Ad Litem to represent the best interest of the minor child. The next hearing was May, 2, 2023, Mother filed a Motion to Relocate back to her domicile state of Michigan. This was denied without a hearing, Mother was threatened with losing custody of minor child if she moved back to Michigan.

The GAL filed a report with recommendations on July, 5, 2023. Father then filed a Motion to Implement GAL's Recommendations. A hearing was scheduled for July 20, 2023, for Father's motion. At the July 20, 2023 hearing, Indiana courts awarded sole legal and primary physical custody to the father-without change in circumstances, without evidence, and without evaluating the best interests of the child.

The hearing on July 20, 2023, lasted approximately 18 minutes. It was not an evidentiary hearing. No witnesses were called. No exhibits were admitted. The judge made his decision solely based on a Motion to Implement the GAL's Recommendation-a report filed by Guardian ad Litem Mary Raatz, who had never met the mother, never met the child, or Father. She conducted no investigation and does not meet the legal qualifications of a GAL under Indiana law. Plaintiff had submitted proof of compliance with court orders, including, a scheduled appointment with court-approved psychologist Dr. Warren Sibilla, and a negative hair follicle drug test, a full psychological evaluation completed by her licensed provider.

Plaintiff tried to inform the court that she had complied with the court orders, however none of it was considered. In less than 20 minutes, a Mother lost her 1-year-old baby, without any finding of unfitness, without cross-examination, without the right to be heard and without Indiana having jurisdiction. After custody was transferred, Plaintiff was denied all contact for more than 70 days, even though a court order granted supervised visitation through CAPS or an agreed third party.

   CAPS staff refused to schedule visits, later admitting they had been told by the judge and clerk's office not to do so. The father refused to allow any third-party visitation. No justification was ever provided. No court order ever suspended parenting time. Plaintiff is now limited to just six hours of visitation per month, on weekdays only, supervised at CAPS, at her own expense. She must drive over an hour each way, missing work and pulling children out of school. She is not allowed to whisper to her child. Her other children- [the child's] siblings- are prohibited from attending. Close to 100 CAPS visitation reports have been filed, each one describing bonding, affection, and emotional connection. Not a single one has documented a concern. Yet, no additional time has ever been granted. All requests for holidays, extended visits, family travel or reunification have been denied.

   When Plaintiff attempted to follow the court's psychological evaluation order, she requested a more affordable provider or use of her existing therapist. The judge refused, requiring her to pay $2,500 to see a specific psychologist. When she complied, the psychologist recused himself after learning she was seeking legal advice-as he had advised. The judge responded by ordering an even more expensive evaluation, with another specific psychologist charging $4,000, again ignoring Plaintiff's completed report, insurance limitations, and financial hardship. The court made it clear that Mother would not be reunited with her son until she completed an evaluation by ONLY the doctor that the Judge chose.

   The court even held her in contempt for allegedly failing to complete a drug test that was ordered while she was not present, and mailed to her after the deadline had already expired.

   And now, Plaintiff has warrants for her arrest for nonpayment of child support - on a child she is not allowed to see, whose custody was taken without legal cause, and for whom she never received support when she had custody. She cannot enter Indiana to visit her [child] without being arrested.

*Id*. at PageID.9-12.

  Plaintiff alleged that she "has exhausted every legal remedy available under Indiana law." *Id*. at PageID.12. Having spent months contesting custody in the Elkhart Superior Court, plaintiff now seeks relief from the United States District Court for the Western District of Michigan which includes: a declaration "that the custody and support orders issued by the Indiana court are void due to lack of subject matter jurisdiction and constitutional defects"; an injunction to "[e]njoin Defendants from enforcing any custody, support, contempt, or criminal orders arising from or

3

connected to the jurisdictionally void Indiana proceedings"; "Order the immediate reinstatement of Plaintiff's parental rights as required by the Michigan AOP [affidavit of parentage]"; award compensatory damages of $25,000,000.00; and, award special damages of at least $300,000.00 for medical treatment, supervised visitation costs, travel expenses, lost wages, and therapy for plaintiff and her children. *Id*. at PageID.68-69.

This Court denied plaintiff's two motions for temporary restraining orders (TROs). *See* Orders (ECF Nos. 11 and 79). In the first motion, plaintiff asked the Court to enjoin defendants from enforcing any custody order issued by the Indiana courts, to order defendants to return her child to her pending further proceedings, and, to stay all actions, hearings and proceedings in the Indiana courts involving her and her child. *See* Order (ECF No. 11, PageID.176). In addressing plaintiff's claims, this Court stated in part,

> Plaintiff has not persuaded the Court that she has a substantial likelihood of prevailing on the merits. Federal courts generally lack authority to issue divorce, alimony and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). When a plaintiff seeks relief that modifies or enjoins a divorce, alimony, or child custody decree, this domestic-relations exception generally precludes federal court action. *See Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795-96 (6th Cir. 2015). If the domestic-relations exception to federal authority does not apply, the *Rooker-Feldman* doctrine precludes federal courts from functioning as appellate courts from state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The Indiana court granted the father of the child physical and sole legal custody in July 2023 (ECF No. 10-6 PageID.131). The Sixth Circuit has applied *Rooker-Feldman* to child custody disputes where the federal plaintiff seeks relief that functions as a review of the state court judgment. *See Hancock v. Miller*, 852 F. App'x 914, 921-22.

PageID.178. In plaintiff's second motion for a TRO, she asked this Court to enjoin defendants from "incarcerating or otherwise penalizing her pursuant to a defective Rule to Show Cause

4

proceeding currently set in Elkhart Superior Court 6, Title IV-D docket, on October 10, 2025". *See* Order (ECF No. 79) (internal quotation marks omitted).

Defendants responded to the complaint by filing motions to transfer venue (*see* ECF Nos. 38 and 44) as well as motions to dismiss the complaint (*see* ECF Nos. 19. 23, 24, 38, 44, and 52). For her part, plaintiff has filed a motion for leave to amend her complaint (*see* ECF No. 67).

Five defendants seek to transfer venue of this case to the United States District Court for the Northern District of Indiana. Four of these defendants identify themselves as the "Elkhart County defendants": Christopher Anderson (Clerk of the Circuit Court of Elkhart County, Indiana); Lisa Brown (Director of the Elkhart County Prosecutor's Office Pretrial Diversion Program); Hannah Musgrave (a court reporter with Elkhart Superior Court 6 in Elkhart County); and Mary Raatz (a court-appointed GAL in proceedings before the Elkhart County Courts during the relevant period). *See* Elkhart Defendants' Brief (ECF No. 39, PageID.355-357). The Elkhart County defendants have filed a combined "motion to transfer venue or to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim" (ECF No. 38). The fifth defendant, Thomas Stipp, represented defendant Brent Fifer, Jr. during the proceedings in Indiana. *See* Compl. at PageID.16. Defendant Stipp filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6), with an alternative motion to transfer the case. *See* Motion (ECF No. 44, PageID.407-408). This matter is now before the Court on these two motions to transfer venue to the Northern District of Indiana (ECF Nos. 38 and 44).[2]

---

[2] This case has been referred to the undersigned to handle all matters under 28 U.S.C. §§ 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B). *See* Order (ECF No. 6). The motions to transfer venue are non-dispositive matters referred to the undersigned for decision. *See Marshall v. George*, No. 1:20-cv-722, 2020 WL 6318593 at *1, fn 1 (W.D. Mich. Oct. 28, 2020) ("The transfer of venue is a non-dispositive matter."), citing *Carstens v. Michigan Department of Treasury*, No. 1:09-cv-664, 2009 WL 2581504 (W.D. Mich. Aug. 18, 2009) and *Horacek v. Heyns*, No. CIV.A. 14-13545, 2015 WL 799540 at *3, fn 1 (E.D. Mich. Feb. 25, 2015) ("motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should

**II.    Discussion**

"A district court's determination that a plaintiff has filed his action in an improper venue is a question of law." *Miles v. WTMX Radio*, 15 Fed. Appx. 213, 215 (6th Cir. 2001). "Once an objection to venue has been raised, Plaintiff bears the burden of establishing that venue is proper." *Domino's Pizza PMC v. Caribbean Rhino, Inc.*, 453 F. Supp. 2d 998, 1006 (E.D. Mich. 2006). The general venue provision in 28 U.S.C. § 1391(b) provides that:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In their motion, the Elkhart County defendants contend that venue is proper under 28 U.S.C. § 1391 because all of their alleged conduct occurred in Elkhart County, Indiana, and that plaintiff's residence in Michigan does not render this district a proper venue for the lawsuit. These defendants also ask this Court to transfer the case to the South Bend Division of the Northern District of Indiana. *See* Elkhart County Defendants' Brief at PageID.371-372. Similarly, defendant Stipp contends that the Western District of Michigan is not a proper venue because none of the defendants reside in this district and none of the events took place in this district (*i.e.*,

---

proceed by order rather than report and recommendation."). This order does not address defendants' motions to dismiss.

6

"Plaintiff herself alleges that no defendants reside in Michigan and that the events at issue took place in Elkhart Superior Court in Indiana"), and, that proper venue lies in the Northern District of Indiana. *See* Defendant Stipp's Brief (ECF No. 45, PageID.417-418). For her part, plaintiff contends that venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because she suffered harm while residing in Michigan and her child was born in Michigan. *See* Plaintiff's Response to defendant Stipp (ECF No. 54, PageID.474-475); Response to Elkhart County Defendants (ECF No. 55, PageID.481-482). Plaintiff does not address venue under either §§ 1391(b)(1) or 1391(b)(3). *Id*.

As an initial matter, the Western District of Michigan does not qualify as a proper venue under 28 U.S.C. § 1391(b)(1). None of the defendants reside in Michigan. Plaintiff identified all defendants as residents of Indiana (Compl. at PageID.1), with 15 of the 16 defendants residing and served with a summons in either Elkhart County or St. Joseph County, Indiana, both of which are located within the geographic boundary of the South Bend Division of the United States District Court for the Northern District of Indiana.[3] *See* 28 U.S.C. § 94(a)(2). Based on this record, the Northern District of Indiana qualifies as a proper venue under § 1391(b)(1).

---

[3] The executed summonses list an address in Elkhart, Indiana for the following defendants: Heather Schuetz; James N. Fox; Rebecca Shelter-East; David C. Bonfiglio; Hannah Musgraves; Christopher Anderson; Eric Blackman; Joel Williams; Brent Fifer, Jr.; Mary Raatz; and, Lashell Brown. Defendants Lisa Brown and Sumaita Hassan's listed addresses are in Goshen, Indiana, which is located in Elkhart County. Defendants Warren Sibilla and Thomas Stipp's addresses are in South Bend, Indiana, which is located in St. Joseph County. *See* Executed summonses (ECF Nos. 12 and 14). With respect to defendant Brandie Yoder, identified as "CAPS Supervisor" for defendants Heather Schuetz and Lachelle Brown (*see* Compl. at PageID.26), Yoder's attorney stated, "[a] summons has not been returned executed to the Court according to the ECF Docket for Defendant Brandie Yoder. However, Defendant Yoder is acquiescing to the jurisdiction of this Court in the filing of this motion, and a waiver of service will be forthcoming." Defendant Yoder's Motion to Dismiss (ECF No. 24, PageID.265, fn.1). According to Yoder's attorney, "Child and Parent Services ('CAPS') is an Indiana-based not-for-profit entity that, amongst a number of other services, coordinates supervised visits between parents and children through the state courts." Defendant Yoder's Brief (ECF No. 25, PageID.268). Yoder's attorney reiterated that plaintiff is "the only party located within the United States District Court for the Western District of Michigan." *Id*. at PageID.270.

Next, plaintiff contends that venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b)(2) "because the effects of Defendants' conduct were felt in Michigan." Plaintiff's Response (ECF No. 55, PageID.481). For example, plaintiff contends: that she is a resident of Michigan; that the child was born in Michigan; that Michigan was "exercising exclusive continuing jurisdiction" over the child; and that "[t]he unlawful warrants Defendants procured against Plaintiff" prevent her from entering Indiana to participate in the proceedings and bar her from exercising her limited supervised visitation. *See* Compl. at PageID.7, PageID.9-10; Response at PageID.481-482.

Plaintiff's contention is without merit. This lawsuit arises from defendants' actions taken during a child custody matter being litigated in Elkhart County, Indiana. Plaintiff's claim is that defendants, all citizens of Indiana, committed wrongful acts in that Indiana custody case. In addition, the record reflects that plaintiff was living in Elkhart, Indiana while the custody matter was pending in the Indiana court. As discussed, *supra*, plaintiff alleged that she did not seek to "relocate" to Michigan until months after the February 14, 2023 custody hearing:

> The next hearing was May, 2, 2023, Mother filed a Motion to Relocate back to her domicile state of Michigan. This was denied without a hearing, Mother was threatened with losing custody of minor child if she moved back to Michigan.

Compl. at PageID.10. In this regard, the state court order addressing plaintiff's relocation listed her address as 22414 County Road 10 in Elkhart, Indiana, and stated in part, "[i]f Mother, in fact, chooses to relocate to Portage, MI, then Father will be ordered/granted the temporary legal and physical custody of the minor child subject to Mother's parenting time." (Order) (May 2, 2023) (ECF No. 10-5).

8

The fact that plaintiff suffered from negative consequences after returning to Michigan does not transform defendants' alleged wrongful acts into "events or omissions" which occurred in Michigan for purposes of § 1391(b)(2). *See, e.g., Tobien v. Nationwide General Insurance Company*, 133 F.4th 613, 622 (6th Cir. 2025) ("To the extent [the plaintiff] argues that he was situated in Kentucky when he suffered the negative consequences of the insurance company's actions, that fails to establish venue. [W]ithout more, an allegation that the plaintiff suffer[ed] . . . economic harm within a district is not sufficient for purposes of establishing venue in that district under § 1391(b)(2).") (internal quotation marks omitted)). *See also*, *Domino's Pizza PMC*, 453 F. Supp. 2d 998 at 1006 (observing that "[t]he requirement of 'substantiality' is to prevent the unfairness of a defendant being 'hauled into a remote district having no real relationship to the dispute.' ") (quoting *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

Plaintiff also contends that venue is proper in Michigan under § 1391(b)(2) because her child was born in Michigan and that the Indiana defendants "directed their unlawful conduct at Michigan" by asserting jurisdiction over a Michigan child. Response at PageID.481. Plaintiff's contention is without merit. As discussed, *supra*, the allegations in the complaint set forth a lengthy custody dispute in the state court in Elkhart County, Indiana. Defendants alleged wrongful acts performed during that Indiana custody proceeding are the "events and omissions" at issue in this lawsuit. For these reasons, the Court finds that the events alleged in plaintiff's lawsuit have no connection to the Western District of Michigan and that this Court is not a proper venue for that lawsuit under 28 U.S.C. §1391(b)(2). However, the Court finds that the Northern District of

9

Indiana has multiple connections to the events alleged in this lawsuit and is a proper venue for plaintiff's claims under § 1391(b)(2).

Finally, the fallback provision of 28 U.S.C. § 1391(b)(3) does not apply here. While venue is not proper in the Western District of Michigan, venue is proper in the Northern District of Indiana under both § 1391(b)(1) and § 1391(b)(2). "Section 1391(b)(3) applies only if there is no other district in which venue is proper under § 1391(b)(1) or (2)." *See Haywood v. Experian Information Solutions, Inc.*, No. 21-10507, 2021 WL 5494165 at *2 (E.D. Mich. March 18, 2021).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For all of the reasons as set forth above, the Court finds that it is in the interest of justice to transfer this case to the Northern District of Indiana. Accordingly,

**IT IS ORDERED** that the motions to transfer venue filed by defendants Christopher Anderson, Lisa Brown, Hannah Musgrave, and Mary Raatz (ECF No. 38) and defendant Thomas Stipp (ECF No. 44) are **GRANTED** pursuant to 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that this case is **transferred** to the South Bend Division of the Northern District of Indiana.

Dated: November 6, 2025                    /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge